IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| ANTONIO MOORE, | : |
| Petitioner, | : |
| VS. | :     1:12-CV-119 (WLS) |
| DAVID FRAZIER, | : |
| Respondent. | : |

**ORDER AND RECOMMENDATION**

Presently pending in this § 2254 action is Respondent's Motion to Dismiss this federal habeas Petition as untimely filed. (Doc. 16). Respondent contends that Petitioner filed this federal habeas Petition after the running of the one-year statute of limitations imposed by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). The Petition was dated July 16, 2012. (Doc. 1).

On March 21, 1997, Petitioner was found guilty of malice murder, for which Petitioner was sentenced to life imprisonment. (Doc. 18-1, p. 3). After being granted an out-of-time appeal, Petitioner's conviction was affirmed by the Georgia Supreme Court on July 13, 2006. *Moore v. State*, 280 Ga. 766, 632 S.E.2d 632 (2006).

On January 15, 2008, Petitioner executed his state habeas petition in the Superior Court of Hancock County. (Doc. 18-2). After an evidentiary hearing was held, the petition was denied. (Doc. 18-4). Petitioner filed an application for a certificate of probable cause to appeal the denial, which was denied January 23, 2012. (Doc. 18-6).

Pursuant to the AEDPA, which became effective on April 24, 1996, and is codified at 28 U.S.C. § 2241 et seq., a one-year statute of limitations applies to federal habeas petitions, running from the latest of several events. Section 2244(d)(1)(A) requires a prisoner to file a habeas petition within one year of "the date on which the [state court] judgment [of conviction] became

final by the conclusion of direct review or the expiration of the time for seeking such review". The Act further provides that "[t]he time during which a properly filed application for [s]tate post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Petitioner filed this habeas Petition challenging his March 21, 1997 conviction. His conviction was affirmed on July 13, 2006. Petitioner did not file a petition for writ of certiorari with the United States Supreme Court, making the judgment of conviction final on October 11, 2006, the date on which the 90-day period for filing a petition for writ of certiorari expired. *See* U.S.Sup.Ct. Rule 13. Pursuant to 28 U.S.C. § 2244(d), Petitioner was required to file his state habeas petition by October 11, 2007 to toll the federal limitations period. Petitioner did not execute a state habeas petition until January 15, 2008 (Doc. 18-2), which was more than one year and three months after Petitioner's federal habeas period of limitations ran. The tolling provision of § 2244(d)(2) therefore does not protect Petitioner. *See San Martin v. McNeil*, 633 F.3d 1257, 1266 (11th Cir. 2011).

Petitioner has responded to Respondent's Motion to Dismiss by filing a Motion to Grant Petition as Untimely. (Doc. 19). Petitioner asserts that he is entitled to equitable tolling because his appellate counsel did not file a writ of certiorari.

"A petitioner is entitled to equitable tolling of AEDPA's one-year filing deadline 'if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Melson v. Commissioner, Ala. Dept. of Corrections*, 713 F.3d 1086, 1089 (11th Cir. 2013) (quoting *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010)). Appellate counsel's failure to file a petition for writ of certiorari alone does not create an extraordinary circumstance that would justify equitable tolling. *See Kirby v. Forniss*, 2008 WL 4493420, *4-5 (M.D. Ala. Oct. 1, 2008) (finding equitable tolling was not warranted when the petitioner argued that his untimeliness should be excused because his counsel

failed to advise him that counsel had not filed a petition for writ of certiorari); *McCray v. Thomas*, 2008 WL 5412480, * 6 (M.D. Ala., Dec. 29, 2008) (the failure of counsel "to present claims during the direct appeal process does not establish an impediment to [the petitioner's] filing a timely habeas"); *Fahy v. Horn*, 240 F.3d 239, 244 (3rd Cir. 2001) ("attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling"). Petitioner has not shown that he diligently pursued his rights and that some extraordinary circumstance prevented him from timely filing his Petition, and therefore he is not entitled to equitable tolling.

Petitioner also asserts that his Petition was timely filed pursuant to O.C.G.A. § 9-14-42(c)(1), which provides a four (4) year statute of limitations period to bring a state habeas petition. (Doc. 19). The statute of limitations for filing Petitioner=s federal habeas Petition is one-year, and the limitations period established under Georgia law does not apply to Petitioner's federal Petition. *See Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) (A[A] state court petition . . . that is [properly] filed following the expiration of the federal limitations period 'cannot toll that period because there is no period remaining to be tolled'."); *Balsewicz v. Kingston*, 425 F.3d 1029, 1034 (7th Cir. 2005) (holding that the respondent is not equitably estopped from asserting the habeas statute of limitations defense when a state has no statute of limitations for filing habeas relief because "[t]o hold otherwise would render the AEDPA limitations period ineffective"). Thus, Petitioner's assertion that his federal Petition was timely filed pursuant to Georgia law is without merit. Petitioner may have filed his state petition in a timely manner, but not so as to his federal Petition.

As Petitioner filed his state and federal habeas petitions more than one year after his final conviction and has not shown that he is entitled to equitable tolling, the federal time limitations period has run and Petitioner=s federal habeas Petition is untimely. Accordingly, it is the recommendation of the undersigned that Respondent=s Motion to Dismiss be **GRANTED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendation contained herein with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478, 483-84 (2000). Therefore, it is recommended that the Court deny a certificate of appealability in its Final Order. If the Petitioner files an objection to this Recommendation, he may include therein any arguments he wishes to make regarding a certificate of appealability.

As shown above, Petitioner has not established that he is entitled to equitable tolling in this case. Therefore, Petitioner's Motion to Grant Petition as Untimely (Doc. 19) is hereby **DENIED**.

**SO ORDERED AND RECOMMENDED**, this 11th day of June, 2013.

    s/ ***THOMAS Q. LANGSTAFF***
    **UNITED STATES MAGISTRATE JUDGE**

llf